**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| Keith R. Massey, | : | |
| | : | Civ. No. 15-3613(SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Roy L. Hendrick, Warden, et al. | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, District Judge:

I.  BACKGROUND

Plaintiff, a pretrial detainee at Essex County Correctional Facility, in Newark, New Jersey, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) In his Complaint, he alleged inadequate medical care and other cruel and unusual punishment. This matter is before the Court upon the motion to dismiss for lack of prosecution filed by Defendants CFG Health Systems, LLC, NP Kevin Kelly, NP Michael Ojelade, Dr. Lionel Anicette, and Dr. Syed Rizvi (the "CFG Defendants"). (ECF No. 20.) On March 30, 2016, Defendants Brandt, N. Condito, Shelly, and Wohl (the "Essex County Defendants") joined in the motion. (ECF No. 21.)

## II. DISCUSSION

Local Civil Rule 10.1(a) provides, in relevant part:

> unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court.

Dismissing a plaintiff's complaint without prejudice is an appropriate remedy for noncompliance with this rule. See Archie v. Dep't of Corr., Civ. No. 12-2466, 2015 WL 333299, at *1 (D. N.J. Jan. 23, 2015) (collecting cases).

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. When dismissing an action as a sanction, a court should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3rd Cir. 1984).

A.  Extent of the Party's Personal Responsibility

Plaintiff, as an unrepresented litigant, is solely responsible for providing the Court with his correct address.

B.  Prejudice to the Adversary Caused by Failure to Meet Scheduling Orders and Respond to Discovery

The CFG Defendants have provided a certification that they have been prejudiced by Plaintiff's failure to provide his forwarding address because their Answer and discovery requests dated February 10, 2016, were returned as undeliverable on February 26, 2016. (McClain Cert., ECF No. 20.) Defendants have not been contacted by Plaintiff and do not have an alternate address. (Id.) They will not be able to meet the Court's discovery deadlines or hire an expert witness. (Id.) This Court notes that mail to Plaintiff was also returned as undeliverable on March 11, 2016, and again on April 1, 2016. (ECF Nos. 17 and 22.)

C.  History of Dilatoriness

Plaintiff does not have a history of dilatoriness in prosecuting this action, apart from one earlier instance of not providing the Court with his forwarding address between August 11, 2015, when he filed an application for pro bono counsel, and September 23, 2015, when he filed his Notice of Change of Address after mail was returned as undeliverable on September 17, 2015. (ECF Nos. 5, 6, 7.)

D.  Whether the Conduct of the Party Was Willful or in Bad Faith

Plaintiff's conduct of failing to file a notice of change of address reflects willfulness because this is the second time Plaintiff has failed to promptly notify the Court of his change of address, and it has now been almost three months since his mail was returned. (ECF No. 17.)

E.  Effectiveness of Alternative Sanctions

Sanctions other than dismissal will not be effective because the Court cannot communicate with the Plaintiff or proceed with this case without his current mailing address.

F.  The Merits of the Claims or Defenses

The final factor to consider is whether the Plaintiff's claims have merit. The Complaint was allowed to proceed past screening under 28 U.S.C. § 1915(e)(2)(B). (Order, ECF No. 3.) Nonetheless, Officer Shelly moved to dismiss for failure to state a claim, and Plaintiff failed to file an opposition by the May 2, 2016, return date. (ECF No. 19.)

Weighing all of the factors, dismissal as a sanction is warranted in this case, primarily because the case cannot move forward because Plaintiff has not provided a forwarding address. The Court will dismiss the Complaint without prejudice, and may reopen this action if Plaintiff can show good cause for his failure

to timely provide the Court with his forwarding address. An appropriate order follows.

Dated: _____, 2016

_____
STANLEY R. CHESLER
United States District Judge